UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARTHUR DAHODA and )
MARY A. DAHODA, )
)
    Plaintiffs, )  **ORDER**
)
v. )
)
SWITCHES, INC., JOHN DEERE )
COMPANY, AND DEERE & COMPANY ) Civil Action
) Docket No.
    Defendants. ) 99-CV-1272(TJM-DRH)

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 29 2007
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk - Binghamton

It is hereby ordered that:

(1) Plaintiffs' expert, Edward Dina, is precluded from testifying about any tests he conducted on the mower before, during, or after removal of the OPC switch;

(2) Plaintiffs are barred from offering any testimony regarding the status of the OPC switch's connections with the tractor prior to removal or any testimony that the OPC switch was connected or installed securely or properly prior to its removal;

(3) The Court will consider informing the jury of Plaintiffs' conduct regarding their removal of the OPC switch and of Defendants' alternate theories of causation and instructing the jury that it may draw an adverse inference from Plaintiffs' removal of the switch, if it finds that such an inference is warranted based on the evidence presented.

(4) Pursuant to the Court's order, Defendants are submitting an itemization of their costs and attorneys' fees incurred in litigating the spoliation issue before the District Court and the Second Circuit Court of Appeals. Plaintiffs have 11 days to submit opposition to any particular amounts claimed by Defendants. The amount of costs and fees awarded will then be determined by the Court.

(5) Defendants' motion to strike the affidavit of Alden Gaudreau submitted in opposition to the Defendants' motion for summary judgment is denied as moot.

(6) Plaintiff's cross-motion to introduce the testimony of Alden Gaudreau in their case-in-chief is denied.

SO ORDERED:

5/29/07
Dated

Thomas J. McAvoy, Senior U.S.D.J.